UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY DEMONE HARRIS, | ) | CASE NO. 1:07CV3805 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WARDEN FOX, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On October 12, 2007, *pro se* petitioner Jeffery Demone Harris filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Texas. He argued he was being unlawfully restrained as a result of a detainer lodged "pursuant to the violation of a nonexistent post release control." (Pet. at 2.) The petition was immediately referred to Magistrate Judge Keith F. Giblin pursuant to General Order 05-10. A Supplemental Memorandum in support of the petition was filed by Mr. Harris on October 24, 2007.

Upon initial review, Magistrate Giblin issued a Memorandum Order on November 5, 2007, transferring the petition to the Northern District Court of Ohio because the detainer at issue involved one of Mr. Harris's Ohio convictions. The following day, Mr. Harris filed a Motion to Expedite Ruling, which Magistrate Giblin denied on November 29, 2007. The order of transfer was filed in this court on December 13, 2007, and is now before the undersigned for review.

**Factual and Procedural Background**

In November 1996, Mr. Harris was indicted in federal court on charges of escape, being a felon in possession of a firearm, possession of an unregistered firearm (sawed-off shot gun) and aiding and abetting. *See United States v. Harris*, Case No. 5:96 CR 363 (N.D. Ohio filed Nov. 13, 1996) (Dowd, J.) Under the terms of a plea agreement, Mr. Harris pled guilty to the charges of escape, and being a felon in possession of a firearm. In exchange, the government agreed to dismiss all other pending charges. He was sentenced on July 30, 1997, to 51 months incarceration followed by a three year term of supervised release.

One month after his indictment on federal charges, Mr. Harris was indicted in the Cuyahoga County Court of Common Pleas on charges of felonious assault, felonious assault with firearm specifications and having a weapon under a disability with a firearms specification. *See State of Ohio v. Harris*, Case No. CR-96-345339-ZA (Cuyahoga Cty Ct. Com. Pl. indictment filed Dec. 2, 1996.)[1] He entered into a plea agreement on June 26, 1997, and pled guilty to the charge of felonious assault without specifications in exchange for the dismissal of the other charges. Mr. Harris was sentenced to 4 years in prison followed by a term of supervised release. His state sentence was to be served concurrent to his federal sentence.

---

[1] Cuyahoga County Court of Common Pleas dockets can be viewed at: http:\ www.cpdocket.cp.cuyahogacounty.us

Thereafter, Mr. Harris was indicted in Summit County, Ohio on October 16, 1997, on charges of having a weapon under disability with a firearm specification, receiving stolen property, kidnapping with a firearm specification, aggravated burglary with a firearm specification, and aggravated robbery with a firearm specification, pertaining to incidents occurring in the summer of 1996. *See State of Ohio v. Harris*, Case No. CR 10 2251(A) (Summit Cty Ct. Com. Pl. indictment filed Oct. 16, 1997.) Mr. Harris also entered into a plea agreement pertaining to these charges. He pled guilty to receiving stolen property and aggravated burglary, both without specifications. All other charges were dismissed by the State. Mr. Harris was sentenced on June 4, 1998, to 5 years and 6 months incarceration followed by a term of "post release control to the extent the parole board may determine as provided by law." (Pet. Ex. 3.) His sentence was ordered to be served concurrent with his federal sentence and his sentence from Cuyahoga County.

In February 2001, Mr. Harris was released from prison on supervised release. Less than one year later, he was arrested on March 6, 2002, and charged in Cuyahoga County with having a weapon under disability. *See State of Ohio v. Harris*, Case No. CR-96-345339-ZA (Cuyahoga Cty Ct. Com. Pl. filed Mar. 28, 2002.) On the day he was taken into custody, the Ohio Adult Parole Authority ("OAPA") issued a parole violator warrant. *See Harris v. Parole Authority*, Case No. 1:04 CV 2276 (N.D. Ohio filed Nov. 16, 2004)(Oliver, J.) At the same time, the United States government was also seeking to revoke Mr. Harris's supervised release status and prosecute him on additional weapons charges. On March 17, 2002, a warrant was issued to Mr. Harris based on his violation of the supervised release portion of his federal sentence in *United States v. Harris*, Case No. 5:96 cr 363 (N.D. Ohio filed 11/13/96).

The United States government filed an indictment against Mr. Harris on May 22, 2002, under 18 U.S.C. §922(g)(1), felon in possession of a firearm and 18 U.S.C. § 924(e)(1) armed career criminal. In light of the federal prosecution, the State of Ohio dismissed its charges against Mr. Harris. He entered into a plea agreement with the United States attorney and was sentenced on March 28, 2003 to 116 months of incarceration followed by five years of supervised release. *See United States v. Harris*, Case No. 1:02CR187 (N.D. Ohio filed May 22, 2002)(Gaughan, J.). In addition, United States District Judge David D. Dowd determined that Mr. Harris had violated the terms of his supervised release in Case No. 5:96CR363, and sentenced him to a period of incarceration of 21 months to run concurrent with the sentence he received in Case No. 1:02CR187. A Judgment and Commitment was issued on March 31, 2003 to the U.S. Marshal wherein petitioner was remanded to their custody to begin serving his sentence of 116 months, followed by five years supervised release.

The OAPA sent a parole violator warrant detainer on December 2, 2003 to the Terre Haute United States Penitentiary where Mr. Harris was serving his sentence at that time. The warrant indicated that it pertained to a violation of the supervised release portion of Mr. Harris's sentence in Summit County Case NO. CR 10 2251(A).

Mr. Harris filed an action under 42 U.S.C. § 1983 to challenge that detainer on November 16, 2004. *See Harris v. Parole Authority*, Case No. 1:04 CV 2276 (N.D. Ohio filed Nov. 16, 2004)(Oliver, J.). He claimed that the parole warrant and detainer violated his constitutional rights because he was not given a prompt parole revocation hearing within fifteen days of his arrest. United States District Judge Solomon Oliver, Jr. dismissed the action pursuant to 28 U.S.C. § 1915(e), finding that Mr. Harris

4

was not entitled to a prompt parole revocation hearing for a parole violation warrant which had been issued but not executed. *Moody v. Daggett, 429 U.S. 78, 87 (1976).*

Mr. Harris has now filed the within petition under 28 U.S.C. § 2241 to challenge the sentence underlying the parole violator detainer warrant. He claims that Warden Fox at the United States Penitentiary (USP) in Beaumont, Texas, where he is presently incarcerated, is improperly enforcing the detainer warrant. Specifically, he asserts that the sentencing judge in Summit County, Judge Jane Bond, never imposed a term of post release control at the time of his sentencing. He claims that her inclusion of a term of "post release control to the extent the parole board may determine as provided by law" did not contain "sufficient notice of supervision" to sentence him to a term of post release control. (Pet. at 3.) Relying on the Ohio Supreme Court's decision in "*Hernandez v. Kelly,*" Mr. Harris claims that the OAPA now lacks authority to impose such a term and find him in violation of that portion of his sentence. Mr. Harris also argues that when he was brought to Summit County from federal custody to face state charges, he was temporarily placed in the custody of the Summit County Sheriff. He claims that upon his conviction he was supposed to be transferred directly into the custody of the United States Marshal. Instead, he was sent first to the Lorain Correctional Institution for processing, including the calculation of post release control, before being sent on to federal authorities. He contends that "this was unlawful [because] petitioner was currently serving a federal prison sentence in the custody of the United States Department of Justice, [and therefore] the sentencing journal entry and post release control from Case No. CR 97102251(A) was clearly erroneous and unlawful [. . .]." (Suppl. Mot. in Support at 3.) He complains that the respondent's action will prevent his release from "any and all

5

custody on 2-28-08." (Pet. at 9.)

## Analysis

A prisoner may file a petition under 28 U.S.C. § 2241 to challenge the execution or manner in which the sentence is served in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Mr. Harris, however, is not challenging the manner in which his sentence is to be served, but instead is contesting the imposition of post release control as part of his sentence. The State of Ohio considers post release control to be part of a judicially imposed sentence. *Woods v. Telb*, 89 Ohio St. 3d 504, 512 (2000). Challenges to a state court sentences generally are brought under 28 U.S.C. § 2254.

A federal court may grant a petition for a writ of habeas corpus under § 2254 only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that [. . .] the applicant has exhausted the remedies available in the courts of the State [. . . ]." 28 U.S.C. § 2254(a) & (b)(1); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). The exhaustion requirement of § 2254 is fulfilled "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Although a prisoner contesting a state court sentence may file a petition under 28 U.S.C. § 2241, he does not evade the requirements imposed by § 2254. *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 371 (6th Cir. 2001); *see James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). Thus, Mr. Harris may bring his petition pursuant to § 2241 as well as § 2254, but he must comply with the exhaustion requirements of § 2254 in either case. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991)(requiring state prisoner bringing a federal habeas action to show that he exhausted available state remedies); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986)(concerning a § 2241 petition filed by a state prisoner).

There is no indication in the petition that Mr. Harris has exhausted his state court remedies to challenge the post release control portion of his Summit County sentence. The *Hernandez* opinion cited by petitioner indicates that Mr. Harris may file a

7

petition for a writ of habeas corpus under Ohio Revised Code § 2725.04 if he is asserting that the OAPA is imposing a post release control requirement not found in the sentencing journal entry. *Hernadez*, 108 Ohio St. 3d at 396-97. If he is contesting the imposition of post release control in the entry, he must pursue the usual direct and collateral methods to attack his conviction or sentence. *Id.* There is no suggestion in the petition that Mr. Harris pursued and exhausted any of these state court remedies.

## Conclusion

For all the foregoing reasons, this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

Dated: January 10, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**